**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **IVETTE HOBBS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CASE NO.** |
| **v.** | : | **5:26-CV-241 (CAR)** |
| | : | |
| **DELTA TANK LINES, LLC,** | : | |
| | : | |
| **Defendant.** | : | |

**ORDER DENYING MOTION TO TRANSFER**

Plaintiff Ivette Hobbs brought this Title VII sex discrimination and retaliation action against her former employer, Defendant Delta Tank Lines, LLC, in the Macon Division of the Middle District of Georgia. Before the Court is Defendant's Motion to Transfer this action to the Valdosta Division of the Middle District of Georgia. As explained below, Defendant's Motion [Doc. 6] is **DENIED**.

**BACKGROUND**

Plaintiff resides in Houston County, Georgia, located in the Macon Division of the Middle District of Georgia.[1] Defendant is a for-hire motor carrier headquartered in Valdosta, Georgia, located in the Valdosta Division, that transports gasoline, diesel, and other petroleum products to retail fueling stations and other customers.[2] Plaintiff alleges

---

[1] Compl., ¶ 5 [Doc. 1].
[2] *Id.* at ¶¶ 6, 13.

she was employed as a commercial fuel tanker driver certified and credentialed to secure fuel loading terminals in Macon, Georgia and was dispatched on routes originating from the Macon loading terminals, including Macon-to-Quitman runs (with a Valdosta split) and Macon-to-Douglas runs, routinely working twelve or more hours per day.[3] Plaintiff contends at all relevant times, she was the only female driver employed by Defendant.[4]

On July 6, 2025, Plaintiff was operating a tractor-trailer for Defendant on an assigned route on Interstate 16 in Twiggs County, Georgia, located in the Macon Division, when she was involved in a minor, no-fault collision with another vehicle.[5] Plaintiff alleges within 24 hours she, unlike similarly situated male drivers, was subjected to a text-message interrogation, an accusation she had quit, a demand for a same-day written statement, a formal investigative videoconference, and termination.[6] After receiving her right to sue notice, Plaintiff filed this action alleging sex discrimination and retaliation. Defendant now moves to transfer the action to the Valdosta Division.

**ANALYSIS**

The circumstances in which a court may transfer a case to a different venue are detailed in 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any

---

[3] *Id.* at ¶¶ 15, 16.
[4] *Id.* at ¶ 17.
[5] *Id.* at ¶¶ 20 – 24.
[6] *Id.* at ¶¶ 46-51; 60.

other district or division where it might have been brought or to any district or division to which all parties have consented." The decision to grant a transfer of district or division is at the "broad discretion" of the trial court.[7] But "federal courts traditionally have accorded a plaintiff's choice of forum considerable deference."[8] That choice "'should not be disturbed unless it is clearly outweighed by other considerations.'"[9] Thus, a party seeking a transfer of venue typically bears the burden of showing that a transfer to the suggested forum is more convenient or is in the interest of justice.[10]

In deciding whether to grant a motion to transfer, the Court employs a two-step analysis.[11] The Court first analyzes whether the action could have been brought in the proposed district or division.[12] Next, the Court considers whether the convenience of the parties and the interests of justice would be furthered by the action's transfer.[13] As part of its determination, the Court should consider and weigh the following factors:

> (1) The convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight

[7] *England v. ITT Thompson Indus., Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988).

[8] *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

[9] *S.E.C. v. Lauer*, 478 F. App'x 550, 554 (11th Cir. 2012) (quoting *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996).

[10] *Ricoh Corp.*, 870 F.2d at 573.

[11] *See C.M.B. Foods, Inv. v. Corral of Middle Ga.*, 396 F. Supp. 2d 1283, 1286 (M.D. Ala. 2005).

[12] *Id.; see also* 28 U.S.C. § 1404(a) (the court may transfer an action "to any other district or division where it might have been brought.").

[13] *C.M.B. Foods, Inc.*, 396 F. Supp. 2d at 1286; *see also* 28 U.S.C. § 1404(a).

> accorded a plaintiff's choice of forum; and (9) trial efficiency and the interest of justices, based on the totality of the circumstances.[14]

With respect to the first step in the analysis, the Court finds that Plaintiff could have brought this action in the Valdosta Division of the Middle District of Georgia. A Title VII plaintiff may bring an action "in any judicial *district* in the State in which the unlawful employment practice is alleged to have been committed, in the judicial *district* in which the employment records relevant to such practice are maintained and administered or in the judicial *district* in which the aggrieved person would have worked but for the alleged unlawful employment practice."[15] Under Title VII, propriety of venue is "concerned with the judicial district, not the divisions within a judicial district."[16] But the Middle District of Georgia has adopted a local rule addressing divisional venue. Pursuant to Local Rule 3.4, a plaintiff "may file a civil case in the division in which the plaintiff resides, the defendant resides, or the claim arose." Here, Plaintiff alleges the employment discrimination and retaliation occurred in the Middle District of Georgia, Defendant resides in the Valdosta Division, and Plaintiff resides in the Macon Division; thus, she could have brought her claims in either the Macon Division or the Valdosta Division.

---

[14] *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005).

[15] 42 U.S.C. § 2000e-5(f)(3) (emphasis added).

[16] *Reyes v. JA&M Dev. Corp.*, Case No. 12-61329-CIV, 2012 WL 3562024, at *2 (S.D. Fla. Aug. 17, 2012).

The Court must now determine whether other considerations clearly outweigh Plaintiff's choice of forum such that the convenience of the parties and the interests of justice would be furthered by transferring this action to the Valdosta Division.[17] "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."[18]

Having weighed all factors, the Court finds Defendant has failed to meet its burden of showing that transfer to the Valdosta Division clearly outweighs Plaintiff's choice of forum in the Macon Division. Defendant argues Plaintiff was employed out of Defendant's Valdosta office; it was dispatching and managing her out of Valdosta; and Plaintiff's employment records relevant to the alleged discriminatory acts are maintained and administered in Valdosta. But Defendant has merely shown that Valdosta would be more convenient for Defendant. And if the transfer "would merely shift inconvenience from one party to the other, or if the balance of all factors is but slightly in favor of the movant, plaintiff's choice of forum should not be disturbed and transfer should be denied."[19] Defendant did not identify any witness for whom the Macon Division is inconvenient or beyond the reach of compulsory process. Plaintiff, on the other hand, resides in the Macon Division, the collision that precipitated Plaintiff's termination occurred in the Macon Division, and law enforcement that responded to the collision are

---

[17] *See SME Racks, Inv. v. Sistenmas Mecanicos Para Electronica, SA*, 382 F.3d 1097, 1100-1101 (11th Cir. 2004).
[18] *Id.* (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)).
[19] *Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 284 (N.D. Ga. 1983).

located in the Macon Division. Although relevant employment records may be located in Valdosta, Defendant provides no argument that these records could not be transmitted electronically. The Court finds the relevant factors do not weigh in favor of transfer. Thus, Defendant's Motion to Transfer [Doc. 6] this action to the Valdosta Division is **DENIED**.

**SO ORDERED** this 3rd day of November, 2026.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT